UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 12-291 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| GLEN NEALY | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before the Court is a motion to dismiss the indictment, filed by the Defendant, Glen Nealy ("Nealy"). See Record Document 20. Nealy was indicted by a federal grand jury for failing to register as a sex offender. In essence, Nealy contends that the indictment must be dismissed because Congress impermissibly delegated to the Attorney General the authority to determine whether the Sex Offender Registration and Notification Act ("SORNA") would apply retroactively to pre-Act offenders. Because the Court finds that this argument is foreclosed by Fifth Circuit Court of Appeal precedent, Nealy's motion is **DENIED**.

### I.   BACKGROUND.

In 1999, Nealy was convicted of aggravated incest in state court in Caddo Parish, Louisiana. He received a five year suspended sentence. In 2007, he was convicted in Caddo Parish for failure to register as a sex offender. After release from imprisonment, Nealy registered as a sex offender until 2010. In February of 2012, Nealy moved to Iowa. In June 2012, Nealy moved from Iowa to Arkansas. During this time, he failed to register

as a sex offender in Iowa and Arkansas. In July 2012, Nealy was arrested on an outstanding warrant from Caddo Parish for failure to register as a sex offender. Thereafter, on October 24, 2012, he was indicted by a federal grand jury for traveling in interstate commerce between January 1, 2012 and July 30, 2012 and failing to register as a sex offender. On December 10, 2012, Nealy filed the instant motion, seeking to dismiss the indictment. In doing so, he argues that SORNA improperly delegated to the Attorney General the authority to specify whether its provisions retroactively apply to pre-Act offenders. The Government has filed an opposition to the motion to dismiss. See Record Document 22.

## II. LAW AND ANALYSIS.

At the outset, the Court notes that in reviewing a motion to dismiss the indictment, when the issue presented is a legal question, a district court may look beyond the face of the indictment and rule on the merits of the charged offense(s) in advance of trial. See United States v. Flores, 404 F.3d 320, 324 (5th Cir. 2005).

On July 27, 2006, the Adam Walsh Child Protection and Safety Act of 2006 (the "Adam Walsh Act") was signed into law "to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators . . . ." 42 U.S.C. § 16901. SORNA is a component of the Adam Walsh Act and requires states to maintain a registry of sex offenders who reside, are employed, or are attending school in the state. 42 U.S.C. §16913(a).

Under SORNA, the statutory requirements for registration are as follows:

(a) <u>In general.</u>  A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

(b) <u>Initial registration.</u>  The sex offender shall initially register--
  (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

  (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

(c) <u>Keeping the registration current.</u>  A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

(d) <u>Initial registration of sex offenders unable to comply with subsection (b) of this section.</u>  The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913(a)-(d).

SORNA also provides a criminal penalty for any sex offender who travels in interstate commerce and fails to register or update his registration.  Specifically, Title 18, United States Code, Section 2250 provides that a sex offender who travels in interstate or foreign commerce and knowingly fails to register or update his registration shall be imprisoned not more than ten years.  In <u>Carr v. United States</u>, – U.S. –, 130 S.Ct. 2229 (2010), the

Supreme Court held that Section 2250 liability cannot be based upon pre-SORNA travel. Thus, pursuant to Carr, the elements of the SORNA statute must be satisfied sequentially: an offender must (1) be required by SORNA to register; then (2) travel in interstate commerce; and then (3) knowingly fail to register or update a registration. See United States v. Byrd, 419 F.App'x 485, 488 (5th Cir. 2011).

As previously mentioned, in promulgating SORNA, Congress gave the Attorney General the authority to decide the retroactivity of the registration requirements. See 42 U.S.C. § 16913(d). On February 28, 2007, approximately seven months after its enactment, the Attorney General promulgated an interim rule, stating that SORNA "appl[ies] to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment" of the Act. 28 C.F.R. § 72.3. The Attorney General issued this regulation without notice and comment and without thirty-day advance publication of its final form, asserting "good cause" for disposing of these procedural requirements of the Administrative Procedure Act. On May 30, 2007, the Attorney General, following up with more detailed proposed guidelines that were subject to notice and public comment, published the proposed SMART guidelines.[1] The SMART guidelines restated the Attorney General's position that SORNA applied retroactively. The SMART guidelines were left open for comments until August 1, 2007. On July 2, 2008, the Attorney General published the final version of the SMART guidelines. Under the SMART guidelines, registration requirements are applied retroactively. On December 29, 2010, the Attorney

---

[1] SMART stands for Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking.

General then responded to comments he had received on the issue of retroactivity and "finalized" the interim rule. The effective date of the final rule was January 28, 2011.

Recently, in <u>Reynolds v. United States</u>, 132 S.Ct. 975 (2012), the Supreme Court declared that SORNA's provisions criminalizing failure to register do not apply retroactively "until the Attorney General specifies that they do apply." <u>Reynolds</u>, 132 S.Ct. at 978. <u>Reynolds</u> focused solely on the question presented, which was whether SORNA's registration requirements applied to pre-Act offenders during the period between July 27, 2006 (when SORNA took effect) and the time "when the Attorney General promulgated a valid rule specifying the registration requirements' applicability, namely, February 28, 2007 (or a later date if the February 28 specification was invalid)." <u>Id.</u> at 979. The <u>Reynolds</u> Court did not address whether the February interim rule, or any subsequent rule, was valid.

In the instant motion, Nealy does not specifically challenge the validity of the interim rule, final rule, or SMART guidelines. Rather, his argument is broader than that and asserts that the nondelegation doctrine was violated when Congress gave the Attorney General the ability to decide whether SORNA applies to sex offenders convicted prior to July 27, 2006.

As the Government correctly points out, Nealy's nondelegation challenge is foreclosed by Fifth Circuit precedent. Indeed, in <u>United States v. Whaley</u>, 577 F.3d 254, 263 (5th Cir. 2009), the Fifth Circuit explained that although "Congress generally cannot delegate its legislative power to another branch . . . some amount of delegation is unavoidable," so long as there are limits on the delegation. <u>Whaley</u> held that "[t]he delegation to the Attorney General to determine the retroactive applicability of SORNA is

well within the limits of permissible delegation." Id. at 264. In so finding, the Fifth Circuit reasoned that SORNA provided an intelligible principle to guide the Attorney General in exercising his discretion and, further, that the authority delegated to the Attorney General was relatively small. See id. For those reasons, the Fifth Circuit rejected Whaley's nondelegation challenge.

For the very reasons enunciated by the Fifth Circuit in Whaley, this Court rejects Nealy's challenges to SORNA. His argument is squarely foreclosed by Fifth Circuit precedent which has not been abrogated or overruled by the Reynolds opinion.

### III. CONCLUSION.

For the foregoing reasons,

**IT IS ORDERED** that Nealy's motion to dismiss the indictment [Record Document 20] be and is hereby **DENIED**.

THUS DONE AND SIGNED in Shreveport, Louisiana this 9th day of January, 2012.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE